UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Shane Rutherford

    v.                                                    Civil No. 21-cv-805-SE
                                                        Opinion No. 2022 DNH 062
Kilolo Kijakazi, Acting Commissioner,
Social Security Administration

O R D E R

Shane Rutherford challenges the denial of his application for disability insurance benefits and supplemental security income pursuant to 42 U.S.C. § 405(g). Rutherford moves to reverse the Acting Commissioner's decision, arguing that the Administrative Law Judge ("ALJ") erred in determining his residual functional capacity. The Acting Commissioner moves to affirm. For the reasons discussed below, the court grants Rutherford's motion to reverse and denies the Acting Commissioner's motion to affirm.

STANDARD OF REVIEW

For purposes of review under § 405(g), the court "is limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Sacilowski v. Saul, 959 F.3d 431, 437 (1st Cir. 2020). The court

defers to the ALJ's factual findings if they are supported by substantial evidence. Biestek v. Berryhill, 139 S. Ct. 1148, 1153 (2019). Substantial evidence is "more than a mere scintilla," id., and exists, even if the record could support a different conclusion, when "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the ALJ's] conclusion," Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991); accord Purdy v. Berryhill, 887 F.3d 7, 13 (1st Cir. 2018).

In determining whether a claimant is disabled, the ALJ follows a five-step sequential analysis, "such that the answer at each step determines whether progression to the next is warranted." Sacilowski, 959 F.3d at 433; 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1] The claimant "has the burden of production and proof at the first four steps of the process." Sacilowski, 959 F.3d at 433. At the first three steps, the claimant must prove that (1) he is not engaged in substantial gainful activity; (2) he has a severe impairment; and (3) the

---

[1] Because the pertinent regulations governing disability insurance benefits at 20 C.F.R. Part 404 are the same as the pertinent regulations governing supplemental security income at 20 C.F.R. Part 416, the court will cite only Part 404 regulations. See Reagan v. Sec'y of Health & Human Servs., 877 F.2d 123, 124 (1st Cir. 1989).

impairment meets or equals a listed impairment. 20 C.F.R. § 404.1520(a)(4)(i)-(iii).

If the claimant meets his burden at the first two steps of the sequential analysis, but not at the third, the ALJ assesses the claimant's residual functional capacity ("RFC") before proceeding to Step Four. Id. § 404.1520(e). RFC measures the maximum amount a person can do in a work setting despite the limitations caused by his impairments. Id. § 404.1545(a)(1). At Step Four, the claimant must establish that his RFC is insufficient to perform any of his past relevant work. Id. § 404.1520(a)(4)(iv). If the claimant can perform his past relevant work, the ALJ will find that the claimant is not disabled. See id. § 404.1520(a)(4)(iv). If the claimant cannot perform his past relevant work, the ALJ proceeds to Step Five, in which the Social Security Administration has the burden of showing that jobs exist in the economy which the claimant can do in light of the RFC assessment as well as the claimant's age, education, and work experience. See id. § 404.1520(a)(4)(v). If such jobs exist, the claimant is not disabled. Id. If they do not, he is disabled. Id.

BACKGROUND

A detailed factual background can be found in Rutherford's statement of facts (doc. no. 4-2) as supplemented by the Acting Commissioner's statement of facts (doc. no. 6) and in the administrative record (doc. no. 3). The court provides a brief summary of the case here.

I. Factual Background

After battling stomach issues in early 2019, Rutherford's doctor diagnosed him with irritable bowel syndrome in March. In August of the same year, Rutherford's doctor changed his diagnosis to Crohn's disease. In late-2019, his doctor prescribed Stelara, which was administered by an injection every eight weeks, to treat his symptoms.[2]

The severity of Rutherford's symptoms varied significantly throughout 2019 and 2020. At different points, he complained of severe abdominal pain which could last for hours at a time. The frequency of his bowel movements fluctuated greatly, from as few as four per day to as many as 12-14 per day or more, often

---

[2] At the hearing before the ALJ, Rutherford testified that his doctor had recently reduced the time between his Stelara injections from every eight weeks to every four weeks to help with his symptoms. Admin. Rec. at 50.

coming with little warning. According to Rutherford's treatment notes, his symptoms improved immediately after he received a Stelara injection, but gradually worsened until his next dose.[3]

II.  Procedural Background

On August 17, 2019, Rutherford filed an application for disability insurance benefits. Shortly thereafter, on August 29, 2019, he filed an application for supplemental security income. In both applications, Rutherford alleged a disability onset date of March 15, 2019, when he was 40 years old, due to Crohn's disease and anxiety.

The Social Security Administration denied Rutherford's applications at the initial level and again after a request for reconsideration. Rutherford then requested a hearing in front of an ALJ. On February 25, 2021, the ALJ held a telephonic hearing, during which Rutherford testified and was represented by an attorney.

On May 19, 2021, the ALJ issued an unfavorable decision. Under Step One and Step Two, he found that Rutherford had not engaged in substantial gainful activity since the onset date of

---

[3] As discussed below, Rutherford alleged a disability due to both Crohn's disease and anxiety. Because he does not challenge the ALJ's RFC assessment other than as it pertains to his limitations from Crohn's disease, the court does not address Rutherford's other symptoms or limitations.

his impairments and had the following severe impairments: Crohn's disease, asthma, anxiety disorder, and depressive disorder. Under Step Three, the ALJ found that none of Rutherford's impairments met or equaled the criteria of any listed impairment. He further found that Rutherford had the RFC to perform light work with certain limitations. Relevant to Rutherford's arguments in his motion to reverse, the RFC assessment included a limitation that Rutherford would need to work in proximity to a bathroom and be able to take up to four unscheduled restroom breaks per day for five minutes each time.

In response to hypothetical questions posed by the ALJ, the vocational expert, Connie Guillory, testified to her opinion that a person with Rutherford's age, education, past work experience, and RFC (as assessed by the ALJ), could not perform Rutherford's past relevant work, but could perform the job duties of occupations existing in significant numbers in the national economy. These occupations included hand packager, sub-assembler, and inspector. Based on the ALJ's RFC assessment and Guillory's testimony, the ALJ found at Step Four of the sequential process that Rutherford could not perform his past relevant work, but at Step Five that Rutherford could perform other jobs and was not disabled.

Guillory testified that the limitation regarding restroom usage in the ALJ's RFC assessment—that the individual could take up to four restroom breaks per day lasting up to five minutes each—was a determinative factor in her opinion. Admin. Rec. at 65. In response to additional hypothetical questions posed by the ALJ, Guillory testified that a person with Rutherford's RFC who was instead limited to four ten-minute restroom breaks, rather than four five-minute restroom breaks, could not do any jobs that existed in significant numbers in the national economy. See id.

On September 7, 2021, the Appeals Council denied Rutherford's request for review, making the ALJ's decision the final decision of the Acting Commissioner for purposes of judicial review. 20 C.F.R. § 422.210(a); see Sims v. Apfel, 530 U.S. 103, 107 (2000). This action followed.

## DISCUSSION

Rutherford argues that the ALJ erred in his RFC assessment. Specifically, he challenges the ALJ's determination that he could do light work limited by his gastrointestinal symptoms only in that he would need to work in proximity to a bathroom and be able to take up to four unscheduled bathroom breaks per

7

day for five minutes each time.[4] The Acting Commissioner contends that the ALJ's decision is supported by substantial evidence.

A claimant's RFC is "the most [the claimant] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). It must be crafted by an ALJ based on all relevant evidence in the record. Id. In so doing, the ALJ may "piece together the relevant medical facts from the findings and opinions of multiple physicians," Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 144 (1st Cir. 1987), but may sometimes incorporate "common-sense judgments about functional capacity" based upon those findings, Gordils v. Sec'y of Health & Human Servs., 921 F.2d 327, 329 (1st Cir. 1990). The ALJ, however, may not "interpret raw medical data in functional terms" or substitute his own opinion on medical issues. Nguyen, 172 F.3d at 35.

In assessing Rutherford's RFC, and in particular his physical limitations, the ALJ stated that his findings were supported by "the opinions of Dr. Staley, Dr. Platter, . . . and

---

[4] Rutherford also challenges the ALJ's finding that the opinion of his treating physician about limitations on Rutherford's ability to work was not persuasive. Because, as discussed below, the ALJ's RFC assessment is flawed for other reasons, the court need not address this issue.

8

the medical evidence of record."[5] Admin. Rec. at 34. Rutherford argues in his motion that none of the evidence the ALJ cites supports the limitation in the RFC assessment concerning his restroom usage. The court agrees.

I.  Dr. Staley and Dr. Platter

Dr. Norman Staley and Dr. Howard Platter separately evaluated Rutherford's physical limitations in 2020. Dr. Staley opined in March that Rutherford could do work without exertional or postural limitations but would need to work near a restroom and get frequent breaks. Dr. Platter stated in June that Rutherford could do light exertional work, limited by the need to work near a restroom. The ALJ found both opinions persuasive because they were supported by and consistent with the medical evidence, including treatment records.

Rutherford argues that neither opinion supports the physical limitations in the ALJ's assessment. Specifically, he argues that neither opinion provides any basis for the ALJ to find that Rutherford would need only four bathroom breaks limited to five minutes each.

---

[5] The ALJ also stated that the RFC assessment was supported by the opinions of other physicians who evaluated Rutherford's anxiety issues and mental limitations. As mentioned above, those opinions are not relevant to Rutherford's arguments in his motion.

9

The Acting Commissioner does not argue that either Dr. Staley's or Dr. Platter's opinion directly supports the limitation regarding Rutherford's restroom usage. Instead, she contends, in cursory fashion, that it is reasonable to conclude that the opinions support the ALJ's finding.

Assuming without deciding that the ALJ made a reasonable inference that Dr. Staley's and Dr. Platter's opinions support a limitation that Rutherford would need to use the restroom four times during an eight-hour workday, nothing in either doctor's opinion supports a limit of five minutes per restroom break. Neither doctor offered any opinion on the length of Rutherford's needed restroom breaks, see Admin. Rec. at 97-108 (Dr. Staley's opinion); id. at 111-123 (Dr. Platter's opinion), and the ALJ cites nothing from either doctor's assessment that would allow him to make an inference as to the length of the breaks. Therefore, Dr. Staley's and Dr. Platter's opinions do not support the ALJ's RFC assessment.

II.  Medical Record

In the decision, the ALJ states that the limitations in the RFC assessment are also supported by the medical evidence of record. However, neither the ALJ's decision nor the Acting Commissioner points to anything in the record that supports a

limitation that Rutherford would need only four restroom breaks for five minutes each.

The closest the ALJ comes to pointing to evidence to support that limitation is a January 2021 progress note from Rocket Nutrition showing Rutherford's report that he was having four bowel movements per day in December 2020. Admin. Rec. at 1008. But, as the ALJ detailed in his decision, and as Rutherford states in his motion, the frequency of Rutherford's bowel movements varied greatly, from as few as four per day to as many as 12-14 per day, and further varied depending on how recently he received his latest Stelara injection. See Admin. Rec. at 30, 32. Rutherford also testified at the hearing that during "flare-ups," he would need to use the restroom as often as 20 times per day, which was consistent with the opinion of Rutherford's treating gastroenterologist, Dr. Sophia Swanson. Admin. Rec. at 60.

Even if the ALJ's determination that Rutherford would need only four restroom breaks were supported by substantial evidence, nowhere does the ALJ point to any evidence supporting a limitation of five minutes for each bathroom break. The only evidence in the record that either the ALJ or the Acting Commissioner cites regarding the length of Rutherford's restroom breaks is Dr. Swanson's opinion and Rutherford's testimony

11

during the hearing asserting that Rutherford's restroom breaks lasted at least 15 minutes.[6] Admin. Rec. at 778-81 (Dr. Swanson's opinion); id. at 60 (Rutherford's testimony).

III. RFC Assessment

The ALJ's RFC assessment includes a limitation that Rutherford would need to use the restroom four times, for five minutes each time, during an eight-hour workday. Neither the ALJ's decision nor the record evidence offers any support for that limitation or allows the court to conclude that a reasonable mind could find the record adequate to support the ALJ's conclusion. See, e.g., Picard v. Berryhill, No. 2:16-cv-00636-JHR, 2018 WL 1370681, at *3 (D. Me. Mar. 16, 2018) ("[W]hen failures to explicate and/or even address material issues prevent a reviewing court from concluding that the ALJ reached a supportable result via an acceptable pathway," reversal and remand are warranted.).

For those reasons, the record lacks substantial evidence to support the ALJ's RFC assessment. As a result, the vocational expert's opinion about available jobs, based on an erroneous hypothetical, does not constitute substantial evidence to

---

[6] Dr. Swanson opined that Rutherford's restroom breaks lasted up to 50 minutes. Admin. Rec. at 780.

support the Acting Commissioner's burden at Step Five. See Arocho v. Sec'y of Health & Human Servs., 670 F.2d 374, 375 (1st Cir. 1982).

CONCLUSION

For the foregoing reasons, Rutherford's motion to reverse (document no. 4) is granted. The Acting Commissioner's motion to affirm (document no. 5) is denied.

The case is reversed and remanded for further proceedings under Sentence Four of § 405(g).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

May 9, 2022

cc: Counsel of Record.